Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
DEANNA KRAUS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DEANNA KRAUS, | ) |
| Plaintiff, | ) Case No.: 2:22-cv-1086 |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| CAPITAL LINK MANAGEMENT, LLC. | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DEANNA KRAUS ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CAPITAL LINK MANAGEMENT, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k.

4. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Simi Valley, Ventura County, State of California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

10. Within the last year, Defendant contacted Plaintiff in connection with its attempt

to collect a consumer debt.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt collection agency located in New York, New York.

13. Defendant is a business entity engaged in the collection of debt within the State of Massachusetts.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff allegedly originating with Flexshopper.

20. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant began calling and texting Plaintiff on her cellular telephone device at xxx-xxx-5146.

22. Defendant calls and texts Plaintiff from 530-734-3546 and 716-251-0229, which are phone numbers belonging to Defendant.

23. In or around August 2021, Plaintiff answered one of Defendant's collections calls and spoke with one of Defendant's collectors.

24. During the above-referenced conversation,

   a. Plaintiff' confirmed her identifying information, also known as "location" information under the FDCPA;

   b. Defendant's collector stated that Defendant was attempting to collect on a Flexshopper account;

   c. Plaintiff informed Defendant's collector that she did not recognize the debt; and

   d. Defendant's collector informed Plaintiff that she could be arrested for the non-payment of the alleged debt.

25. Terrified of being arrested, Plaintiff felt as though she had no other option but to make a payment on the alleged debt.

26. In or around September 2021, Defendant withdrew money from Plaintiff's personal checking account.

27. In or around October 2021, Defendant was unable to withdraw the monthly payment from Plaintiff's personal checking account.

28. After the payment declined, Defendant began calling and texting Plaintiff and Plaintiff's daughters Leslie and Megan at xxx-xxx-0516 and xxx-xxx-9440, respectively.

29. In or around October 2021, Defendant left the following voicemail message on Megan's cellular device: "Hi, Megan. This is Dalice McKnight with Capital Link Management. I'm actually attempting to reach Deanna Kraus. If you could have Deanna reach me directly. It's very important I speak with her or her attorney prior to the end of business today. My phone number is 716-251-0229."

30. With regard to the above-referenced voicemail message:

    a. Defendant's collector failed to state that the purpose of the communication was to acquire Plaintiff's location information.

31. In or around October 2021, Defendant sent the following text to Plaintiff's daughter Leslie: "DEANNA KRAUS. Your monthly payment declined, if you

need to change the date, or set up a different arrangement please call 716-332-6618. From Capital Link Management. This communication is from a debt collector, this is an attempt to collect a debt. To opt out, please reply "STOP."

32. With regard to the above-referenced written communication:

    a. Defendant's collector disclosed that the communication was from Capital Link Management;

    b. Defendant's collector disclosed that the communication was from a debt collector and in an attempt to collect the debt;

    c. Defendant's collector failed to state that the purpose of the communication was to acquire Plaintiff's location information.

33. Defendant's above-referenced communications with Plaintiff's daughter were scare tactics in an attempt to induce Plaintiff into continue paying the alleged debt.

34. Defendant's actions were calculated to coerce Plaintiff into payment of the alleged debt.

35. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt.

36. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequences of Defendants actions was to cause Plaintiff mental

distress.

# COUNT I
# DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, reiterates, and incorporates by referenced the allegations contained in paragraphs 1-37 in Count I of Plaintiff's Complaint.

39. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information, when Defendant's collector contacted Plaintiff's daughter after already acquiring Plaintiff's location information, and when Defendant's collectors disclosed that the communication was from Capital Link Management, a debt collector;

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged herein;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants engaged in engaged in, at least, the following discrete violations of § 1692e;

7

  d. Defendants violated § 1692e(4) of the FDCPA Defendant's representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, when Defendant's collector threatened that Plaintiff would be arrested for the non-payment of the alleged debt;

  e. Defendant violated § 1692e(5) of the FDCPA by Defendant's threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant's collectors made empty, veiled threats of arrest against Plaintiff for the non-payment of the debt;

  f. Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct; and

  g. Defendants violated § 1692g of the FDCPA by failing to provide the statutorily required disclosures, when Defendant failed to provide, within five days after the initial communication with Plaintiff, a notice to Plaintiff outlining the disclosures required by § 1692g(a) of the FDCPA.

  WHEREFORE, Plaintiff, DEANNA KRAUS, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANGEMENT, LLC for the following:

40. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

43. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats, reiterates, and incorporates by referenced the allegations contained in paragraphs 1-37 in Count II of Plaintiff's Complaint.

45. Defendant violated the RFDCPA based on the following:

    a. Defendants violated §1788.10(e) of the RFDCPA by threatening that nonpayment of the consumer debt may result in the arrest of the debtor or the garnishment or attachment of wages of the debtor, when Defendant's collectors twice threatened Plaintiff with arrest for the alleged non-payment of the debt; and

    b. Defendants violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. as detailed above in Count I.

WHEREFORE, Plaintiff, DEANNA KRAUS, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANAGEMENT, LLC, for the following:

46. Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(a);

47. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

48. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

49. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 17, 2022     AGRUSS LAW FIRM, LLC

By:/s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    DEANNA KRAUS